O’Neill, J.,
dissenting.
{¶ 31} Respectfully, I dissent. Today the court revives a denied public-records request. I do not disagree with the court’s determination that the records at issue are subject today to release as public records. Rather, I disagree with its determination that the court should issue a writ of mandamus to compel respondents to release documents based on a request that was previously properly denied.
{¶ 32} The majority opinion boils down the three-part standard for granting a writ of mandamus to the simple statement that “ ‘[m]andamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio’s Public Records Act.’ ” *100 Majority opinion at ¶ 19, quoting State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). As a common practice, this court has made this simple observation in public-records cases. E.g., State ex rel. Beacon Journal Publishing Co. v. Bond, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 49. But in the normal course of reviewing a mandamus action, we traditionally conduct a three-part inquiry when considering whether to grant the writ: the relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent, and (3) the lack of an adequate remedy in the ordinary course of the law. E.g., State ex rel. Simpson v. State Teachers Retirement Bd., 143 Ohio St.3d 307, 2015-Ohio-149, 37 N.E.3d 1176, ¶ 17. We have held that the legislature, by enacting R.C. 149.43(C), made mandamus the only appropriate remedy for enforcing the public-records law. State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83 (1994). Accordingly, we no longer reject petitions seeking an order compelling disclosure of public records on the basis that there is an adequate remedy in the ordinary course of the law. Id. Until today, we have not done away with the other two prongs of the mandamus standard in public-records cases.
{¶ 33} Through changed circumstances subsequent to respondents’ denial of relator’s request, relator has inarguably become entitled to the records at issue. The building in question no longer exists; the public official is no longer in office; and the security risk has gone away. In light of these new developments, what is respondents’ duty with regard to the request? I would say they have none.
{¶ 34} When any person requests public records, a public office must promptly prepare any records for inspection that are responsive to the request. R.C. 149.43(B)(1). The public office must also make copies of the requested records available at cost. Id. If some of the responsive records contain information that is exempt from inspection, the public office must still provide all of the nonexempt public records. Id. The public office must notify the requester of any redactions, and a redaction is treated as a denial of the public-records request. Id. If all or part of a request is denied, the public office shall provide an explanation for the denial with citations to legal authority. R.C. 149.43(B)(3).
{¶ 35} It is plain that respondents complied with these clear legal duties on July 11 and 31, 2014. At that time, the county provided the key-card-swipe data that relator was entitled to and provided an explanation for the partial denial. The majority readily agrees that the records withheld from relator were not subject to disclosure at that time. Majority at ¶ 3.
{¶ 36} Respondents did not fail to perform any act that they had a duty to perform. There is no provision in the Revised Code requiring public offices to keep track of whether the circumstances that justified the denial of a public- *101 records request subsequently change. Likewise, public offices are not required to act on their own initiative to revive denied requests, even if they may be compelled to grant new requests for the same records based on new circumstances.
Law Firm of Curt C. Hartman and Curt C. Hartman; Law Firm of Daniel P. Carter and Daniel P. Carter; and Finney Law Firm, L.L.C., and Christopher P. Finney, for relator.
Majeed G. Makhlouf, Cuyahoga County Law Director, and Robin M. Wilson, Assistant Law Director, for respondents.
{¶ 37} Our power to issue -writs of mandamus is an extraordinary one that we should use only “to prevent a failure of justice.” State ex rel. Murphy v. Graves, 91 Ohio St. 36, 38, 109 N.E. 590 (1914); State ex rel. Ingerson v. Berry, 14 Ohio St. 315, 323 (1863) (“Designed only as a remedy to prevent the failure of justice, [mandamus] must not be made the minister of injustice, and the law does not require the performance of things which are either impossible or useless” [emphasis sic]). Instead of showing reserve in the interest of doing only what justice demands, the majority stretches the law in this matter to vindicate relator’s litigious conduct.
{¶ 38} A proper public-records request was made. It was properly denied. Any action taken by anyone subsequent to that final denial is irrelevant, and the majority’s focus on those acts obfuscates the question before us. Does the subsequent demolition of the building in question, the departure from office of the official involved, or the Plain Dealer’s receipt of the records requested change anything for our legal analysis? No. The request was properly denied at the time, and respondents do not have a duty to examine old requests to determine whether the conditions that permitted denial of the request have subsequently changed.
{¶ 39} Therefore, I must dissent.
Pfeifer and Lanzinger, JJ., concur in the foregoing opinion.